United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| NFN THARGAY, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. H-26-1328 |
| vs. § | |
| § | |
| WARDEN, Joe Corley Processing § | |
| Center, *et al.*, § | |
| § | |
| Respondents. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, NFN Thargay[1], is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1) seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents have responded by filing a motion for summary judgment (Docket Entry No. 8) and Thargay has filed a reply (Docket Entry No. 10). Having reviewed the petition, the briefing and exhibits, and the applicable law, the court denies the respondents' motion for summary judgment and grants in part the petition for a writ of habeas corpus. The reasons are explained below.

**I.     Background**

The petition describes Thargay as a stateless Tibetan-in-exile who was born in India to Tibetan parents. (Docket Entry No. 1 at 1). The petition states that he is not a citizen of India and that he lacks Chinese citizenship, "even though China exercises sovereignty over Tibet, and he is

---

[1] "NFN" stands for "no first name."

ineligible for Nepalese citizenship." (*Id.*).  Thargay has never had Nepali or Indian citizenship.  (*Id.* at 8).  The respondents' motion for summary judgment describes Thargay as a native of India and a citizen of China though his Tibetan heritage.  (Docket Entry No. 8 at 1; Docket Entry No. 8-2 at 2).

Thargay "lived in India until 2009, when he and his family relocated to Nepal, due to persistent harassment in India.  He lived in Nepal until 2014, when he left there due to problems on account of being Tibetan, and came to the [United States]."  (Docket Entry No. 1 at 8).  He entered the United States without inspection and was subsequently issued a Notice to Appear, initiating removal proceedings.  (*See id.*).  The Notice to Appear alleges that Thargay is a native of India and a citizen of Nepal.  (*See id.)*.  Thargay subsequently filed claims for relief from his removal, seeking asylum based on a fear of prosecution for his political opinion supporting Tibetan independence.  (*See id.*).  On July 16, 2018, an immigration judge denied his claims for relief and ordered him removed to Nepal or to China.  (*Id.*; Docket Entry No. 8-1 at 5–12).  Thargay appealed to the Board of Immigration Appeals (BIA), which upheld the immigration judge's removal order.  (*See* Docket Entry No. 1 at 8; Docket Entry No. 8-1 at 2–4).  The removal order became administratively final on February 5, 2021.  (*See* Docket Entry No. 1 at 8; Docket Entry No. 8-1 at 2–4).

After the BIA denied his appeal. Thargay was placed on an order of supervision.  (*See* Docket Entry No. 1 at 8; Docket Entry No. 10 at 8).  The order of supervision required Thargay, among other things, to appear for check-ins with ICE on a regular basis and to continue to attempt to obtain travel documents.  (Docket Entry No. 1 at 9).  Thargay submits that he "fully complied with those conditions, including requesting travel documents, but no travel documents were issued.  Upon information and belief, this is because [Thargay] is a stateless person with no citizenship.

In fact, his only identification is a 'green book' issued by the Tibetan authorities, and which is not considered to be a passport (meaning that it cannot be used for international travel)." (*Id.*). While complying with his order of supervision by attending a scheduled ICE check-in on May 28, 2025, Thargay was detained by ICE. (*See id.*; Docket Entry No. 8 at 2). Thargay has no criminal history or arrests, and he asserts that he is not a flight risk. (*See* Docket Entry No. 1 at 9).

Thargay remains in detention. He argues that there is no likelihood of his removal in the reasonably foreseeable future because neither Nepal nor India nor China will issue travel documents for him. (*See id.* at 10). He asserts several claims for relief, including that his due process rights have been violated under the framework set out by the Supreme Court in *Zadvydas*. (*See id.* at 10–14). Among other relief, he seeks release from custody. (*See id.* at 14).

The respondents move for summary judgment, contending that Thargay's detention is lawful under 8 U.S.C. § 1231 because Thargay does not show that removal is not likely in the reasonably foreseeable future. (*See* Docket Entry No. 8).

## II.      The Applicable Legal Standards

### A.      28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 114 U.S. 564, 574 (1885) (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Courts retain jurisdiction to review an

alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citation omitted).

### B.   Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [the petitioner], the nonmoving party."  *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III.   Analysis

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231.  The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  During this 90-day removal period, "the Attorney General shall detain the alien."  8 U.S.C. § 1231(a)(2)(A)).  The Attorney General has discretion to extend detention beyond the 90-day removal period in some cases.  *See* 8 U.S.C. § 1231(a)(6).  However, because "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional

4

problem[,]" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), the Supreme Court has "read an implicit limitation into the statute" that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. In *Zadvydas*, the Supreme Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701. After the 6-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Once a petitioner meets this burden, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

Thargay's order of removal became final on February 5, 2021, and he has been held in immigration custody since May 28, 2025. Thargay has now been detained after a final order of removal for almost one year, twice as long as the six-month presumptively reasonable period established in *Zadvydas*.

The court finds that Thargay has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The uncontroverted facts in the record show that Thargay has no passport and that India nor China will likely not respond to requests for such documents. Nepal has already denied his request for a travel document. Because Thargay has shown good reason, the burden now shifts to the respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701.

Submitted with the motion for summary judgment is a sworn declaration from a DHS Deportation Officer, Cara Tall, dated March 6, 2026. (Docket Entry No. 8-2). Officer Tall

describes DHS's efforts to remove Thargay. Those efforts can best be described as paltry. The declaration states:

> On January 2, 2026, ICE formally requested a travel document from the Nepal government to allow Thargay to repatriate to Nepal. On January 21, 2026, the Nepali government denied Thargay a travel document, citing that he is not a Nepali citizen. As of this writing, ICE is preparing a travel document request for China.

(Docket Entry No. 8-2 at 3–4). The respondents delayed one-and-a half months after Nepal refused to provide a travel document before starting the process of requesting a travel document from China. That was more than two months ago. There is no report on any response to the request or about any additional efforts to secure Thargay's removal. The respondents have not met their burden to show that Thargay is likely to be removed in the reasonably foreseeable future. "[G]eneralized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden." *Le v. Bondi*, No. 4:25-CV-06257, 2026 WL 1138362, at \*4 (S.D. Tex. Apr. 21, 2026) (quoting *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026)); *see also Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. 2025). The government's burden is not satisfied by a pending request for travel documents alone. *See Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025) (citing cases).

The respondents do not contest that Thargay has no passport and they do not show that any efforts to procure such a document have been successful. The respondents do not allege that any country has agreed to accept Thargay and they fail to rebut Thargay's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

The court finds that Thargay's continued detention violates due process because he has already been detained for almost a year and there is no significant likelihood of removal in the reasonably foreseeable future. Thargay is entitled to relief on the indefinite detention claims in his

6

petition for a writ of habeas corpus. Because the court finds that there is no significant likelihood of removal in the reasonably foreseeable future, and he has been detained for almost a year, Thargay must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future").

## IV.    Conclusion

The court **orders** as follows:

1.    The Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **denied**.

2.    The Petition for a Writ of Habeas Corpus filed by NFN Thargay (Docket Entry No. 1) is **granted in part**.

3.    Any other pending motions are **denied as moot**.

4.    The respondents must release the petitioner, NFN Thargay, **within 24 hours of entry of this Order**, under the same conditions that were in effect in his previous Order of Supervision. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

5.    The respondents must return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6.    The petitioner may not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that the petitioner's documents are ready, that a third country has agreed to accept the petitioner, and that the petitioner has been provided notice of that third country and an opportunity to object to the third country removal.

7.    Within five (5) days of the date of this Order, the parties must file a joint status update and indicate whether this case may be closed.

SIGNED on May 26, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge